**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SWAMI FAMILY TRUST DATED
FEBRUARY 22, 2024, RAVI PATEL, 1070
HOSPITALITY, INC., BBI LLC, DIPAK
AND VANITA PATIDAR TRUST, ASK
FLORIDA, LLC, JAY SHREE RAM, LLC,
KAIANTA LLC, DDP, LEGACY BUSINESS
TRUST LLC, SSD BUSINESS TRUST LLC, and
TARANJIT BUSINESS TRUST LLC


                Plaintiffs,

v.

SANDEEP MATHOW, KISMET BUSINESS TRUST LLC,
KISMET FAMILY HOLDINGS LLC, TYKHE LLC, ATHENA
INVESTMENT PROPERTIES LLC, GOLIATH VENTURES,
NOBLE CAPITAL MANAGEMENT GROUP LLC, MONARCH
INVESTMENT LLC, NOBLE CMG WABASH LLC, AND
NOBLE CMG WILEY LLC,

                Defendants.

_____

## <u>COMPLAINT</u>

The Plaintiffs, SWAMI FAMILY TRUST DATED FEBRUARY 22, 2024, RAVI PATEL,

1070 HOSPITALITY INC., BBI LLC, DIPAK AND VANITA PATIDAR TRUST, ASK FLORIDA,

LLC, JAY SHREE RAM, LLC, KAIANTA  LLC, DDP LEGACY BUSINESS TRUST LLC, SSD

BUSINESS TRUST LLC, and TARANJIT BUSINESS TRUST LLC sue Defendants SANDEEP

MATHOW, KISMET BUSINESS TRUST LLC, KISMET FAMILY HOLDINGS LLC, TYKHE

LLC, ATHENA INVESTMENT PROPERTIES LLC, GOLIATH VENTURES, NOBLE CAPITAL

MANAGEMENT GROUP LLC, (Wyoming), Noble Capital Management Group LLC (Delaware),

Noble Capital Management Group LLC (Florida), MONARCH INVESTMENTS LLC, NOBLE CMG

WABASH LLC, AND NOBLE CMG WILEY LLC, and allege:

1.     This is a cause of action in excess of this Court's jurisdictional minimum. Specifically, this is a cause of action for recovery of $6,001,666.70 exclusive of prejudgment interest and costs.

2.     This Court has jurisdiction pursuant to 15 U.S.C. Section 78aa.

3.     Venue is proper in this district as Defendant Sandeep Mathow, the control person of the defendant entities, resides within this district. Further, the entity defendants conducted business activities within this district and collectively engaged in securities fraud within this district.

## THE PARTIES

4. Swami Family Trust dated February 22, 2024, is based in Fort Myers, Florida, is sui juris and invested $500,000 in Noble Capital Management Group LLC, a Delaware limited liability company.

5. Ravi Patel is an individual who invested $200,000 in Noble Capital Management Group LLC, a Delaware limited liability company.

6. 1070 Hospitality, Inc. is a California corporation, is sui juris and invested $1 million in Noble Capital Management Group LLC, a Delaware limited liability company.

7. BBI, LLC is a Georgia limited liability company, is sui juris and invested $200,000 in Noble Capital Management Group LLC, a Delaware limited liability company.

8. The Dipak and Vanita Patidar Trust is based in Merritt Island, Florida, is sui juris and invested $500,000 in Noble Capital Management Group LLC a Delaware limited liability company.

9. Ask Florida LLC is a Florida limited liability company with its principal place of operations in Fairfield, New Jersey. It is sui juris and invested $2,500,000 in Noble Capital Management Group LLC a Delaware limited liability company.

10. Jay Shree Ram, LLC is a Florida limited liability company, is sui juris and invested $800,000 in Noble Capital Management Group LLC, a Delaware limited liability company.

11. KAIANTA LLC is a Florida limited liability company who invested $400,000 in Noble Capital Management Group LLC (Wyoming).

12. DDP Legacy Business Trust is a Florida limited liability company who invested $435,000 in Noble Capital Management Group LLC (Wyoming).

13. SSD Business Trust LLC is a Florida limited liability company who invested $100,000 in Noble Capital Management Group LLC (Wyoming).

14. TARANJIT Business Ttrust LLC is a Florida limited liability company who invested $100,000 in Noble Capital Management Group LLC (Wyoming).

15. Sandeep Mathow is a resident of Winter Park, Florida and is sui juris.

16. Kismet Business Trust LLC is a name utilized by Sandeep Mathow but it is not established in Florida, Delaware, or Wyoming. His interest in Noble Capital Management Group LLC was titled in Kismet Trust LLC.

17. Kismet Family Holdings, LLC is a Florida LLC established by Sandeep Mathow. Kismet Family Holdings, LLC is the sole member of Noble CMG Wabash LLC (Wyoming).

18. TYKHE, LLC is a Wyoming limited liability company established by Sandeep Mathow. TYKHE, LLC is the manager of Noble CMG Wabash, LLC (Wyoming).

19. Athena Investment Properties LLC holds title to 2273 Lee Rd., Unit B Winter Park, FL.

20. Goliath Ventures is an entity controlled by Sandeep Mathow and used as part of his scheme to defraud.

21. Noble Capital Management Group LLC, a Delaware limited liability company was formed by Sandeep Mathow.

22. Monarch Investments is an LLC controlled by Sandeep Mathow that owns the property located at Winding Hollow Boulevard.

23. The unknown general partner of Noble Capital Management Group LLC (Delaware) is controlled by Sandeep Mathow.

24. Noble CMG Wiley LLC is a Wyoming limited liability company established by Sandeep Mathow. The title to Units 133, 137, 139, and 141 of 420 Wiley Dr., Normal, Illinois is held by Noble CMG Wiley LLC.

25. Noble CMG Wabash, LLC is a Wyoming limited liability company established by Sandeep Mathow. The title to Units 601 and 620 of 111 N. Wabash St., Chicago, Illinois is held by Noble CMG Wabash LLC.

## COUNT I (SECURITIES FRAUD VIOLATION OF SEC RULE 10b-5)

26. Plaintiffs SWAMI FAMILY TRUST DATED FEBRUARY 22, 2024, RAVI PATEL, 1070 HOSPITALITY, INC., BBI LLC, DIPAK AND VANITA PATIDAR TRUST, ASK FLORIDA, LLC, and JAY SHREE RAM, LLC repeat and reallege paragraphs 1 through 25 as if fully set forth herein.

27. Defendant Mathow formed LLCs entitled Noble Capital Management Group LLC. He established them in Delaware, Wyoming, and Florida.

28. Defendant Mathow caused to be created a Private Placement Memorandum to raise funds for Noble Capital Management Group LLC, a Delaware corporation.

29. The Private Placement Memorandum was sent to Plaintiffs through means of interstate commerce.

30. The Private Placement Memorandum (hereinafter, "PPM") contained material misstatements of fact. The material misstatements of fact that were known to be false when they were put in the PPM include:

Noble Capital Management Group (hereinafter, "Noble") has 300,000 ft.² owned, operated or under contract; that Noble is currently in 9 active markets, that

Noble's "all in" project costs are $100 million, that Noble has over $50 million in equity invested, that Noble averages 25% cash on cash return, and that Noble was established in 2020. All of the statements were false, were known to be false, and were made with the intent to induce plaintiffs to rely upon these false representations.

31. Additional material misstatements of fact in the PPM included the representations that it was a leader in the medical real estate industry. Presently Noble has four buildings that are unoccupied. Hardly a leader in the medical real estate industry. At the time, Noble had two buildings, one leased and one under construction. Again, hardly a leader in the medical real estate industry. The PPM falsely represented that Noble had $100 million of assets under management. Noble falsely represented that it was successful in delivering outsized investment returns.

32. The PPM falsely represented that the building located at Lee Road was owned by Noble Capital Management Group. Sandeep Mathow represented that the Winding Hollow Boulevard property was owned by Noble Capital Management Group. Those representations were known to be false when made.

33. The PPM falsely represented that the buildings to be acquired in Normal, Illinois and Chicago, Illinois were to be acquired in the name of and owned by Noble Capital Management Group, LLC. That representation was known to be false when made.

34. Defendant Mathow intended to defraud or deceive when he created the PPM and included the false representations set forth above.

35. The Plaintiffs relied upon the false representations in making their decision to invest.

36. As a result of the reasonable reliance upon these false representations, Plaintiffs have been damaged.

Wherefore, Plaintiffs SWAMI FAMILY TRUST DATED FEBRUARY 22, 2024, RAVI PATEL, 1070 HOSPITALITY, INC., BBI LLC, DIPAK AND VANITA PATIDAR TRUST, ASK FLORIDA, LLC, and JAY SHREE RAM, LLC demand judgment against Defendants for the total amount invested less the returns received in the amount of $773,333.33 for a total damage award of $4,966,666.70 together with prejudgment interest thereon, costs of this action, and such other and further relief as this court deems appropriate.

## COUNT II (CONSTRUCTIVE TRUST)

37. Plaintiffs SWAMI FAMILY TRUST DATED FEBRUARY 22, 2024, RAVI PATEL, 1070 HOSPITALITY, INC., BBI  LLC, DIPAK AND VANITA PATIDAR TRUST, ASK FLORIDA, LLC, JAY SHREE RAM, LLC, KAIANTA LLC, DDP Legacy Business Trust LLC, SSD Business Trust LLC, and TARANJIT Business Trust LLC repeat and reallege paragraphs 1 through 25 as if fully set forth herein.

38. Plaintiffs were told that the company they invested in, Noble Capital Management Group LLC (Delaware), would acquire properties for health care tenants to occupy.

39. Plaintiffs were also told that Noble Capital Management Group LLC (Deleware) owned the buildings located at Lee Road and Winding Hollow Boulevard. Plaintiffs invested based upon these false representations. Plaintiffs believe they were investing in an entity that already had equity as a result of property ownership.

40.  It was specifically represented and promised to Plaintiffs' that their investment dollars would be used to acquire identified properties including the property located at 111 N. Wabash St. and the property located at 420 Wiley Dr.

41. Plaintiffs invested based upon the promise that their invested funds would be utilized to acquire the Wabash Street and Wiley Drive properties.

42. The contracts to acquire the Wabash Street and Wiley Drive properties were in the name of Noble Capital Management Group LLC (Delaware).

43. Plaintiffs relied upon the representations made in the Private Placement Memorandum and the representations made by Sandeep Mathow. Sandeep Mathow put himself in a confidential relationship with all the Plaintiffs. Based upon the representations made in the Private Placement Memorandum with regard to Mathow's background and alleged success, Plaintiffs reposed trust and confidence in him.

44. As a result of the misrepresentations made by Mathow personally and through the Private Placement Memorandum he obtained and retained an advantage over the Plaintiffs which one in good conscious should not be allowed to retain.

45. Contrary to the representations made, Sandeep Mathow caused the contracts to be assigned to Noble CMG Wiley LLC and Noble CMG Wabash LLC, limited liability companies wholly owned and controlled by him. Contrary to the representations made, the Lee Road and Winding Hollow properties were not owned by Noble Capital Management Group, LLC (Deleware) but rather, other entities wholly owned and controlled by Sandeep Mathow.

46. As a result of Sandeep Mathow's actions in placing title to the Wabash Street, Wiley Drive, Lee Road, and Winding Hollow Boulevard properties in entities wholly owned and controlled by him, Sandeep Mathow has been unjustly enriched.

47. Plaintiffs request that a constructive trust be imposed upon the Wabash Street, Wiley Drive, Lee Road, and Winding Hollow Boulevard properties so that title can be placed in an entity owned and controlled by Plaintiffs. A lis pendens has been recorded against the Wabash Street, Wiley Drive, Lee Road, and Winding Hollow Boulevard properties contemporaneous with the institution of this action.

Wherefore, Plaintiffs SWAMI FAMILY TRUST DATED FEBRUARY 22, 2024, RAVI PATEL, 1070 HOSPITALITY, INC., BBI LLC, DIPAK AND VANITA PATIDAR TRUST, ASK FLORIDA, LLC, JAY SHREE RAM, LLC, KAIANTA LLC, DDP Legacy Business Trust LLC, SSD Business Trust LLC, and TARANJIT Business Trust LLC pray for determination of a constructive trust in their favor, costs of this action, and attorney's fees pursuant to the relevent agreement, together with such other and further relief as this Court deems appropriate.

### (**COUNT III (SECURITIES FRAUD VIOLATION OF SEC RULE 10b-5)**

48.    Plaintiffs, KAIANTA LLC, DDP LEGACY BUSINESS TRUST LLC, SSD BUSINESS TRUST LLC, and TARANJIT BUSINESS TRUST LLC repeat and reallege paragraphs 1 through 25 as if fully set forth herein.

49. Defendant Mathow formed LLCs entitled Noble Capital Management Group LLC. He established them in Delaware, Wyoming, and Florida.

50. Defendant Mathow solicited Plaintiffs KAIANTA LLC, DDP LEGACY BUSINESS TRUST LLC, SSD BUSINESS  TRUST LLC, and TARANJIT BUSINESS TRUST LLC to invest in Noble Capital Management Group LLC (Wyoming). Among the false and fraudulent misrepresentations made by Mathow are all of the misrepresentations contained within the Private Placement Memorandum. Each of these Plaintiffs purchased a 20% interest in Noble Capital Management Group LLC (Wyoming). Mathow falsely represented that he too would contribute a monetary investment in the Company and never did.

51. The solicitation materials including the Private Placement Memorandum were sent to Plaintiffs through means of interstate commerce.

52. The Private Placement Memorandum (hereinafter, "PPM") and all representations of Mathow contained material misstatements of fact. The material misstatements of fact that were known to be false include:

Noble Capital Management Group (hereinafter, "Noble") has 300,000 ft.² owned, operated or under contract; that Noble is currently in 9 active markets, that Noble's "all in" project costs are $100 million, that Noble has over $50 million in equity invested, that Noble averages 25% cash on cash return, and that Noble was established in 2020. All of the statements were false, were known to be false, and were made with the intent to induce plaintiffs to rely upon these false representations.

53. Additional material misstatements of fact made by Mathow and included in the PPM were the representations that Noble Capital Management Group LLC was a leader in the medical real estate industry. Presently Noble Capital Management Group LLC has four buildings that are unoccupied. Hardly a leader in the medical real estate industry. At the time, Noble had two buildings, one leased and one under construction. Again, hardly a leader in the medical real estate industry. The PPM falsely represented that Noble had $100 million of assets under management. Noble falsely represented that it was successful in delivering outsized investment returns.

54. Mr. Mathow and the PPM falsely represented that the building located at Lee Road was owned by Noble Capital Management Group. Sandeep Mathow represented that the Winding Hollow Boulevard property was owned by Noble Capital Management Group. Those representations were known to be false when made.

55. Mr. Mathow falsely represented that the buildings to be acquired in Normal, Illinois and Chicago, Illinois were to be acquired in the name of and owned by Noble Capital Management Group, LLC. That representation was known to be false when made.

56. Defendant Mathow intended to defraud or deceive when he solicited plaintiffs and when he created the PPM and made the false representations set forth above.

57. The Plaintiffs relied upon the false representations in making their decision to invest. All of the fraudulent representations in the PPM were conveyed to plaintiffs by Sandeep Mathow prior to the PPM ever being created.

58. As a result of the reasonable reliance upon these false representations made by Mathow, Plaintiffs have been damaged.

Wherefore, Plaintiffs KAIANTA LLC, DDP LEGACY BUSINESS TRUST LLC, SSD BUSINESS TRUST LLC, and TARANJIT BUSINESS TRUST LLC demand judgment against Defendants for the total amount invested in the amount of $1,035,000 together with prejudgment interest thereon, costs of this action, and such other and further relief as this court deems appropriate.

### JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues triable as a matter of right.

Dated:  July 24, 2026

<div style="margin-left:40%">

Coleman Law, LLC
*Attorney for Plaintiffs*
750 South Dixie Highway
Boca Raton, Florida 33432
Telephone:     (561)620-9292
BY:   /s/ *Roderick Coleman*
Roderick Coleman, Esq.
Florida Bar No.: 371270
rfc@colemanattorneys.com
kl@colemanattorneys.com

</div>